PROVOSTY, J.
The Comptroller of the Currency of the United States having appointed a receiver to have charge of the liquidation of the .Union National Bank of Monroe, this receiver brought suit against Sig Marx and J. T. Austin on certain promissory notes aggregating $20,000. Pending the suit all the rights of the plaintiff in it were sold at receiver’s sale, and acquired by the People’s Investment Company. The latter company, by supplemental petition, caused itself to be substituted as plaintiff, and, on allegation that the receiver had in his hands four chec'ks, aggregating $1,380.19, drawn by himself upon the Treasurer of the United States in favor of the wife of the defendant Sig Marx, prayed that this receiver be enjoined from delivering said checks to Mrs. Marx, and from paying her the amount represented by same, for the reason that the deposits in said bank in reimbursement of which said checks were drawn belonged in reality to the defendant Sig Marx, although made in the name of his wife. The receiver was served with the injunction, and duly cited to answer to the suit.
Default was entered against the defendant Austin-, and was in due course confirmed; he not having appeared.
On October 31, 1917, default was entered against the receiver. On November 3, 1917, the defendant Sig Marx excepted to the supplemental petition in so far as it asked for an injunction and disputed Mrs. Marx’s ownership of the deposits. On November 14, 1917, this exception was overruled, and on that sam'e day the defendant Sig Marx filed an answer,, in which he denied owing the notes and denied owning the deposits. On March 11, 1918, the suit was tried on these pleadings, and on March 13, 1918, judgment was entered against Sig Marx for the amount of the notes, and against the receiver perpetuating the injunction and “ordering and directing him to deliver and pay to the plaintiff, the People’s Investment Company,” the checks in question. On March 18, 1918, Mrs. Marx appealed from this judgment to this court, and the plaintiff and appellee has asked that the appeal be dismissed on the two grounds (1) that the court is without jurisdiction ratione materite, and that Mrs. Marx, not having been a party to the suit, and being as a consequence unaffected by the judgment, is without appealable interest.
The only matter involved in this appeal is the ownership of the deposits aggregating $1,389.19, and the lower limit of the jurisdiction of this court is $2,000.
This appeal is therefore transferred to the Court of Appeal, second circuit, for trial, the appellant to pay the costs of the Supreme Court.
DAWKINS, J., recused.